IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal No.   23-CR-00149-JCH |
| ) | |
| LANDON JAMES ANDRUS, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S
SENTENCING MEMORANDUM**

The United States hereby provides its Response to Defendant's Sentencing Memorandum. As discussed below, the United States submits that a sentence of 46 months, is a sentence that is sufficient, but not greater than necessary, to comply with the sentencing goals pursuant to 18 U.S.C. § 3553(a). The parties entered a Rule 11(c)(1)(C) plea agreement and agree that a specific sentence of a cap of 46 months with no agreement as to the supervised release violation is the appropriate disposition in this case. (PSR), Doc. 42 at ¶ 3 and Doc. 40 at ¶ 12. As to the supervised release violation, the United States recommends a sentence of 14 months to run consecutive with no supervised release to follow. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range. PSR at ¶ 97. According to JSIN, the average sentence imposed was 56 months. *Id.* at ¶ 100. Based upon a total offense level of 23 and a criminal history category of III, the guideline imprisonment range is 57 months to 71 months. *Id.* at ¶ 82.

A. History and Character of Defendant

Defendant's personal, marital, family, and other non-criminal background information are fully covered in the Offender Characteristics section of the PSR. The United States has no additional information to provide the Court on that portion of the PSR.

The United States submits that Defendant's criminal conduct supports the sentence recommended by the United States. He is thirty-three years of age. He has no juvenile adjudications. PSR at ¶ 33.

He has prior adult criminal convictions. He has a 2009/2010 conviction for possession of a controlled substance where he was sentenced to 18 months custody (suspended) and 18 months conditional discharge. PSR at ¶ 33. He then obtained a probation violation and probation was reinstated with an order that he complete a 6-month in-patient rehabilitation program. *Id.*

He has 2012/2013 convictions for possession of a controlled substance (felony - narcotic drug), possession of drug paraphernalia (misdemeanor) and possession of marijuana or synthetic cannabinoids (misdemeanor) where he was ultimately sentenced to, after a probation revocation, 18 months custody (all but 322 days suspended), 7 months and 8 days probation. PSR at ¶ 34. His probation expired, and he received a satisfactory discharge. *Id.*

He has a 2015 conviction for possession of a controlled substance (felony - narcotic drug) where he was sentenced to 18 months custody (suspended) and 18 months' probation. PSR at ¶ 35. His probation was revoked, and he received 18 months custody (suspended) to participate in Delancey Street program. *Id.*

He has a 2018/2019 conviction for carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such crime where he received a sentence of 60 months custody with 3 years of supervised release. PSR at ¶ 36. Records of the

Bureau of Prisons indicate he had disciplinary infractions where he lost phone privilege, commissary privilege, email privilege and was placed in segregation. *Id.* It should be noted that he also took educational courses. *Id.* He also has a history of violations while on supervised release. Specifically, as it relates to the plea agreement, on January 10, 2023, he was charged with improper equipment-failure to have operating tail lamps; resisting, evading or obstructing an officer; and receipt, transportation or possession of a firearm or destructive device by certain persons. *Id.* He was arrested on October 5, 2023. He is pending a revocation hearing on this case and given the plea agreement in this case, it is anticipated that he will admit to the violations.

His other criminal conduct includes law enforcement contacts. He has three prior arrests for separate charges that include, larceny, possession of a firearm, trafficking by possession with intent to distribute, possession of a controlled substance and drug paraphernalia, assault upon a peace officer, resisting evading or obstructing an officer, receipt transportation or possession of a firearm or destructive device and receiving or transferring stolen motor vehicle. PSR at ¶¶ 40 - 42. All these cases were dismissed. *Id.* He has no pending charges. *Id.* at ¶¶ 45.

B.    Nature and Circumstances of the Offense

On January 10, 2023, an APD officer conducted a traffic stop on a Chevy pickup truck due to the license plate not illuminating. PSR at ¶ 11. Defendant was asked to provide his driver's license, insurance, and registration but was only able to provide his driver's license. *Id.* The officer ran a name check of Defendant on the National Crime Information Center (NCIC) and discovered he had an outstanding felony warrant out the United States Marshals Office related to a felon in possession of a firearm. *Id.* The officer approached the vehicle again after backup arrived and advised Defendant to turn off his vehicle as he was going to be detained on an outstanding warrant. *Id.* Defendant was instructed to exit the vehicle but refused. *Id.* Defendant was guided out of the

vehicle by his arm at which time he attempted to run from officers. *Id.* Force was used to detain him. *Id.* While force was being used an officer felt a handgun tucked into the left side of Defendant's waistband. Defendant turned around with his fist balled as if he was going to hit the officer while reaching with his left hand to the left side of his waistband where he had a gun. *Id.* The officer disengaged, and Defendant was tased, as he fell to the floor a loaded gun fell out of his waistband. *Id.* Defendant was arrested as noted in case number D-202- CR-2023-00203. *Id.* The officer contacted Defendant's probation officer and confirmed Defendant was absconding from his probation in case number 1:18CR02641-001JCH. *Id.*

In summary, Defendant is a convicted felon, was found to be in possession of a loaded a Bersa model Thunder 380 .380 caliber pistol, bearing serial number 892446, 50 fentanyl pills, and 22 grams of methamphetamine on his person during a traffic stop. PSR at ¶ 16. He committed the instant offense after a countable felony conviction of a controlled substance offense, to wit: Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possessing a Firearm in Furtherance of Such Crime in the United States District Court, Albuquerque, New Mexico; Docket No.: 1:18CR02641- 001JCH. *Id.* Due to the firearm and drugs being in close proximity, he possessed a firearm in connection with the felony offense of possession of controlled substances. *Id.* In addition, Defendant created a substantial risk of death or serious bodily injury to law enforcement officers as he attempted to flee by resisting the arrest with a loaded gun in his waistband and attempting to reach for it. *Id.*

    C.    <u>Deterrence</u>

Defendant is not deterred from committing crimes. This marks Defendant's second federal felony conviction. Both convictions involved firearms and interactions with police. He now stands convicted of yet another serious crime. He has other state convictions for which he was not deterred

4

from committing. A sentence of 46 months and a consecutive sentence of 14 months (as to his supervised release violation) may deter Defendant from committing crimes in the future.

      D.    <u>Promotion of Respect for the Law and Protection of the Public</u>

A sentence within of 46 months and a consecutive sentence of 14 months (as to his supervised release violation) will promote respect for the law and as discussed above, may deter Defendant from future criminal conduct which serves the additional goal of protecting the public.

For the foregoing reasons, the United States submits that the recommended sentence as to this case comports with the relevant factors set forth in 18 U.S.C. § 3553.

                                           Respectfully submitted,

                                           RYAN ELLISON
                                           United States Attorney

                                           */s/Rumaldo R. Armijo*
                                           RUMALDO R. ARMIJO
                                           Assistant United States Attorney
                                           201 Third Street NW
                                           Albuquerque, NM 87103
                                           (505) 346-7274

I hereby certify that on the 23rd day of
May 2025, I filed the foregoing using CM/ECF
which caused counsel to be served by electronic means,
as more fully reflected on the Notice of Electronic filing:

/s/
Rumaldo R. Armijo
Assistant United States Attorney

5